INA FERN GRAY AND W. C. GRAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket No. 2474-78.
United States Tax Court
T.C. Memo 1982-392; 1982 Tax Ct. Memo LEXIS 350; 44 T.C.M. (CCH) 439; T.C.M. (RIA) 82392; July 14, 1982. *350 Respondent determined that petitioners understated income and that they are not entitled to various miscellaneous deductions for the taxable year 1974. Held, respondent's determinations with respect to the unreported income and excessive deductions are sustained. Held further, petitioners are not liable for the addition to tax pursuant to section 6653(a), I.R.C. 1954. Ina Fern Gray, pro se. Rebecca W. Wolfe, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By statutory notice dated December 7, 1977 respondent determined a deficiency in and an addition to petitioners' Federal income tax for the taxable year 1974 in the amounts of $4,612.83 and $230.64, respectively. The issues for decision are: (1) whether petitioners are entitled to medical expense deductions for 1974 in excess of the amount determined by respondent; (2) *354 whether petitioners are entitled to a deduction for "total disability" as claimed on their 1974 income tax return; (3) whether petitioners received interest income during 1974 as determined by respondent; (4) whether petitioners received farm income during 1974 from the sale of crops in the amount of $6,629.16 and from agricultural cooperative dividends in the amount of $1,485.11 and whether they are entitled to a deduction for farm expenses as determined by respondent; (5) whether petitioners received income in the amount of $14,000 during 1974 from the sale of fully depreciated farm equipment and standing crops; (6) whether petitioners are liable for self-employment tax for 1974; (7) whether petitioners are liable for an addition to tax pursuant to section 6653(a), I.R.C. 1954, for negligence or intentional disregard of the rules and regulations. The facts in this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. [1]
*355 Petitioners Ina Fern Gray and her husband, W. C. Gray, resided in Morton, Texas at the time of filing the petition herein. Petitioners filed a joint Federal income tax return for the taxable year 1974 with the Office of the Director, Internal Revenue Service. I. Medical expense deductions.
On their 1974 income tax return, petitioners deducted medical expenses totaling $2,387. On the basis of records provided by petitioners, respondent determined that the proper amount of medical expenses deductible should have been $914.07. Petitioners have provided no substantiation for medical deductions exceeding those allowed in the notice of deficiency. Mrs. Gray stated that during 1974 petitioners traveled from their home in Morton, Texas to Lubbock, Texas, a distance of 53 miles, where W. C. Gray was hospitalized periodically. Mrs. Gray was unable to ascertain the number of these trips that were made for the purpose of medical treatment as distinguished from those made by her for the purpose of visiting Mr. Gray during his hospitalization. Travel expenditures incurred by Mrs. Gray to *356 visit her husband are personal rather than medical expenses and are not deductible. See Rose v. Commissioner,52 T.C. 521, 531 (1969), affd. per curiam 435 F.2d 149 (5th Cir. 1970), reaffd. on rehearing 485 F.2d 581 (5th Cir. 1973). Respondent allowed petitioners a medical deduction of $120 for telephone and travel expenses. No evidence has been presented that would entitle petitioners to a mileage deduction in excess of this amount. [2]
Petitioners bear the burden of proving that the deficiencies as determined by respondent are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Having found that petitioners have produced no evidence substantiating medical deductions in excess of those allowed by respondent, we must deny such deductions, and therefore respondent's *357 determination is sustained. See sec. 1.213-1(h), Income Tax Regs.
II. "Total disability" deduction.
During the first part of the 1974 taxable year W. C. Gray was a self-employed farmer in Morton, Texas. At some point during 1974 he was forced to cease farming due to his poor health. Being self-employed, Mr. Gray received no income from an employer during 1974. Likewise, he received no disability payments or sick pay during 1974 other than Social Security payments. Section 104 provides that gross income does not include: (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness; (2) damages received on account of personal injuries or sickness; (3) amounts received through accident or health insurance for personal injuries or sickness, except amounts attributable to the contributions of the employer; and (4) two other forms of payment clearly not relevant herein. Section 105(a) provides in pertinent part that "amounts *358 received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts" are either attributable to contributions by the employer which were not includable in the employee's gross income or are paid by the employer. Section 105(d), as applicable in 1974, [3] provided in part that "[g]ross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injury or sickness * * *." Such exclusion was limited to a weekly rate of $100. During the 1974 taxable year Mr. Gray did not fit within any of the exclusionary provisions of section 104. Neither has it been shown that he fit within the disability exception to subsection 105(a) contained in subsection 105(d) since he was a self-employed individual and, as such, is not considered an employee within the meaning of section 105. See subsection 105(g), which provides as follows: *359 "For purposes of this section, the term 'employee' does not include an individual who is an employee within the meaning of section 401(c)(1) * * *." [4]
*360 Petitioners have presented no evidence supporting their claimed deduction for total disability. Apparently, Mrs. Gray believed that a deduction in the amount of $100 per week could be taken for disabled persons based on a news item she read. Since Mr. Gray did not fit within the confines of the exclusionary provisions of sections 104 and 105(d), we must deny the claimed deduction. III. Interest income.
Respondent determined that petitioners received interest income during 1974 in the amount of $298.99. Mrs. Gray admitted that she had had a savings account with the Cochran County Teachers Credit Union and certificates of deposit at the First State Bank in Morton, Texas, and she agreed that in all likelihood she received the amounts stated in the notice of deficiency. Accordingly, we find that petitioners received interest income as determined by respondent and that such income must be included in gross income pursuant to section 61. IV. Farm income.
Respondent determined that petitioners received farm income during 1974 from the sale of their 1973 cotton crop in the amount of $6,629.16. He also determined that they received dividends from agricultural cooperatives *361 in the amount of $1,485.11. Petitioners reported no income from farm operations for 1974. Mrs. Gray admitted during her deposition that it was a common practice among cotton farmers to receive payment for one year's crop early in the following year. Although she denied any personal knowledge with respect to any receipts received during 1974, she stated that her husband did have a cotton crop that was harvested during the prior year and that it would not have been unusual for him to have received payment for the crop during 1974. Mrs. Gray also admitted that petitioners were members of a cooperative gin and of the Lubbock Cotton Oil Mill from whom petitioners had received dividends in previous years. Although she disputed the amounts determined by respondent, she agreed that the dividends could have been received during 1974.
In addition to the income determined by respondent, respondent also determined that petitioners were entitled to a deduction for 1974 for farm expenses in the amount of $6,079.51. Petitioners have expressed no disagreement with this determination. Respondent's *362 determination is presumptively correct, and petitioners have the burden of proving otherwise.They have presented no evidence indicating that the income as determined by respondent from dividends and from the sale of crops was not received during 1974. Therefore, we sustain respondent's determinations. Welch v. Helvering,supra.
V. Income from the sale of farm equipment and standing crops.
In May 1974 petitioners sold farm equipment to L.C. Pierce. Mr. Pierce also bought standing crops from petitioners. The total price paid by Mr. Pierce was $14,000, $7,000 of which was paid in cash at the time of purchase and the remainder was paid in the form of a note executed for $7,000 and due in January of the following year. No allocation was made between the equipment and the crops. The revenue agent assigned to the case determined that all of the farm equipment purchased by Mr. Pierce had been fully depreciated and therefore included the entire amount as ordinary income pursuant to section 1245, which provides that gains on the sale or disposition of certain depreciable *363 property be treated as ordinary income to the extent of depreciation deductions previously taken. [5]
Petitioners offered no evidence either to rebut the fact that the equipment and crops were sold or to dispute the amount received. Mrs. Gray stated that she believed that some of the equipment had not been fully depreciated, but she had no documentation to support her belief. She also expressed doubt that her husband would sell the crop for such a small amount. Because petitioners have presented no evidence to show that the amounts should not be included in income, the determination of respondent is sustained. Welch v. Helvering,supra.[6]
*364 VI. Self-employment tax.
As stated above, Mr. Gray was a self-employed farmer for the first part of the 1974 taxable year. Respondent determined that Mr. Gray earned a profit from farming during that year in the amount of $2,034.76. Section 1401 imposes taxes on the self-employment income of all individuals who are citizens of the United States. Self-employment income includes net earnings of $400 or more derived by an individual from a trade or business carried on by such individual. See sections 1402(a) and 1402(b). Respondent determined that petitioners had net earnings from self-employment exceeding $400. Petitioners have presented no evidence to dispute this determination and therefore we must sustain it. Welch v. Helvering,supra.
VII. Addition to tax pursuant to section 6653(a).
For most of the years during her marriage with Mr. Gray, Mrs. Gray filed their income tax returns. She prepared and filed the 1974 joint income tax return at issue herein. In so doing, she did not consult a return preparer in connection with the preparation *365 of the return. She did, however, read various publications with respect to the preparation of the tax return. Mrs. Gray claimed to have taken great care in the preparation of her tax return. During the taxable year, her husband became totally disabled and required hospitalization periodically through the year. We can safely infer that this placed a significant emotional drain upon Mrs. Gray. Her own health has deteriorated since that time. In ruling upon a taxpayer's liability for an addition to tax pursuant to section 6653(a), we must take into account that taxpayer's mental and physical condition and sophistication with the tax laws during the time that the return was filed. In view of this, we find that none of the discrepancies in petitioners' 1974 tax return evidence a negligent or intentional disregard of the rules and regulations. Therefore, we find that petitioners are not liable for the addition to tax pursuant to section 6653(a). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. This case was continued three times from the Court's calendars at Lubbock, Texas on February 5, 1979, March 24, 1980 and June 24, 1980. At the June 24, 1980 calendar, Mrs. Gray appeared and indicated that she was too ill to press her case at that time and the Court ordered respondent to proceed to her home and conduct a deposition at that place. The deposition was conducted on June 26, 1980 at Mrs. Gray's home. On September 9, 1980 respondent mailed a letter to Mrs. Gray that contained a motion to substitute parties (Mrs. Gray's husband, W. C. Gray, had died during the proceeding of this case). The letter also contained a stipulation of facts and a motion to submit the case under Rule 122, Tax Court Rules of Practice and Procedure. Mrs. Gray did not sign the motion to substitute the parties. She did, however, sign the Rule 122 motion and the stipulation of facts. Both the Rule 122 motion and the stipulation of facts were miscaptioned since they anticipated her signing the motion to substitute herself as the surviving spouse of W. C. Gray. Mrs. Gray took no further action and the Court subsequently calendared the case for trial on May 4, 1981. On March 20, 1981 Mrs. Gray filed a letter with the Court that was treated as a motion for a continuance. In that letter she stated, "I tried again last year. I was too ill to stay in Court, and the judge sent someone to my home. I gave testimony, and I thought that I had signed permission to try this case without my presence." On March 24, 1981 respondent again sent a letter to Mrs. Gray requesting that she sign the motion to substitute the parties. She did not respond to that letter. Thereafter, respondent sent a new proposed stipulation incorporating the previous stipulation and adding the deposition as an exhibit in order that the case could be submitted to the Court fully stipulated. Mrs. Gray did not respond. On April 22, 1981 the Court denied Mrs. Gray's motion for a continuance. Respondent thereafter attempted to contact Mrs. Gray but was unable to do so since she no longer had a telephone. On May 4, 1981 this Court dismissed the petition with respect to Mr. Gray. On May 5, 1981 this Court granted respondent's request to ignore the miscaption on the original stipulation of facts signed by Mrs. Gray and to deem the deposition of Mrs. Gray taken at her home to be in evidence and stipulated to by her. Accordingly, this case is deemed fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure.↩
2. In computing their medical deductions petitioners failed to make adjustments for adjusted gross income as required by sec. 213. A portion of the deficiency is attributable to this miscalculation.↩
3. Sec. 105(d)↩ was amended by sec. 505(a) of Pub. L. 94-455, Oct. 4, 1976, effective for taxable years beginning after Dec. 31, 1976.
4. Sec. 401(c)(1) and sec. 401(c)(2) provide in pertinent pact as follows: SEC. 401. QUALIFIED PENSION, PROFIT-SHARING, AND STOCK BONUS PLANS. (c) Definitions and Rules Relating to Self-Employed Individuals and Owner-Employees.--For purposes of this section-- (1) Employee.--The term "employee" includes, for any taxable year, an individual who has earned income (as defined in paragraph (2)) for the taxable year. To the extent provided in regulations prescribed by the Secretary or his delegate, such term also includes, for any taxable year-- (A) an individual who would be an employee within the meaning of the preceding sentence but for the fact that the trade or business carried on by such individual did not have net profits for the taxable year, and (B) an individual who has been an employee within the meaning of the preceding sentence for any prior taxable year. (2) Earned Income.-- (A) In General.--The term "earned income" means the net earnings from self-employment (as defined in section 1402(a)), but such net earnings shall be determined-- (i) only with respect to a trade or business in which personal services of the taxpayer are a material income-producing factor, (ii) without regard to paragraphs (4) and (5) of section 1402(c), (iii) in the case of any individual who is treated as an employee under sections 3121(d)(3)(A), (C), or (D), without regard to paragraph (2) of section 1402(c), and (iv) without regard to items which are not included in gross income for purposes of this chapter, and the deductions properly allocable to or chargeable against such items. For purposes of this subparagraph, section 1402↩, as in effect for a taxable year ending on December 31, 1962, shall be treated as having been in effect for all taxable years ending before such date.
5. The definition of property which, upon disposition, results in ordinary income includes any personal property which is of such a character as to be subject to depreciation under sec. 167. See sec. 1245(a)(3)↩.
6. In order for the $7,000 note payable in January of 1975 to be includable in income for 1974, it must be the equivalent of cash, that is, it must be "freely and easily negotiable." See Richardson v. Commissioner,76 T.C. 512, 531 (1981); Ennis v. Commissioner,17 T.C. 465, 470↩ (1951). Petitioners bear the burden of proving that the note is not includable in income for 1974. Since no evidence was presented to rebut respondent's implicit determination that the note was a cash equivalent, we likewise must sustain respondent on this issue.