T.C. Summary Opinion 2018-27

UNITED STATES TAX COURT

HOMAYOUN SAMADI AND SARABANO SAMADI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 722-17S.                          Filed May 24, 2018.

Homayoun Samadi and Sarabano Samadi, pro sese.

Sharyn M. Ortega, Caitlin A. Downing, and Brian A. Pfeifer, for
respondent.

SUMMARY OPINION

LEYDEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 13, 2016, respondent determined deficiencies in petitioners' Federal income tax of $4,518 and $6,131 for 2013 and 2014, respectively.  Respondent also determined accuracy-related penalties under section 6662(a) of $904 and $1,226 for 2013 and 2014, respectively.

After concessions by petitioners[2] the issues for decision are whether petitioners are:  (1) entitled to Schedule C deductions for car and truck expenses for 2013 and 2014 related to petitioner husband's real estate activity and (2) liable for accuracy-related penalties under section 6662(a) for 2013 and 2014.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]At trial, petitioners conceded the following deductions for expenses reported on Schedules C, Profit or Loss From Business, with respect to petitioner husband's "Real Estate Salesperson" business (hereinafter referred to as petitioner husband's real estate activity):  (1) advertising expenses of $122 and $254 for 2013 and 2014, respectively; (2) office expenses of $1,358 and $1,374 for 2013 and 2014, respectively; (3) laundry and cleaning expenses of $385 and $369 for 2013 and 2014, respectively; and (4) depreciation of $6,921 for 2014.
    Petitioners also conceded the following deductions for expenses reported on a Schedule C for 2014 with respect to petitioner husband's tax preparation services:  (1) advertising expenses of $140, (2) office expenses of $289, (3) supplies of $89, and (4) other expenses of $504.

The Court holds that petitioners are: (1) not entitled to Schedule C deductions for car and truck expenses for 2013 or 2014 related to petitioner husband's real estate activity and (2) liable for accuracy-related penalties under section 6662(a) for 2013 and 2014.

## Background

Some of the facts are stipulated and so found. Petitioners resided in California when they timely filed their petition.

## I. Petitioners' Tax Returns

Petitioners timely filed 2013 and 2014 joint Federal income tax returns. Petitioner husband prepared these tax returns using online software. On both tax returns petitioner husband listed his occupation as "tax specialist" and petitioner wife listed her occupation as "registered nurse".

Petitioners attached Schedules C to their 2013 tax return for petitioner husband's translation services, real estate activity, and tax preparation services. Petitioners also attached Schedules C to their 2014 tax return for petitioner husband's real estate activity, tax preparation services, and work as a county election poll worker. Only the 2013 and 2014 Schedules C for petitioner husband's real estate activity are at issue.

The 2013 and 2014 Schedules C for petitioner husband's real estate activity did not report any gross receipts but reported expenses for each year. The 2013 Schedule C reported a loss of $15,719, and the 2014 Schedule C reported a loss of $22,502.

## II.    Petitioner Husband's Real Estate Activity

In 2010 petitioner husband decided to invest in homes with his friends and family (hereinafter referred to as the group). The group consisted of five individuals, including petitioner husband's brother. The group intended to buy homes, renovate them, and sell them for a profit (i.e., to flip houses). Petitioner husband became a licensed real estate agent in 2010 and continued to be licensed during 2013 and 2014. He did not earn any commissions from selling real estate in 2013 or 2014. Petitioner husband researched potential investment properties for the group; and because he was a licensed real estate agent, he had access to properties that were for sale.

The group decided to look for potential investment properties in West Sacramento, California, where petitioner husband lived, because the group expected him to manage the investment properties. Petitioner husband prepared mileage logs for 2013 and 2014 to document the mileage he drove to see the potential investment properties. Petitioner husband relied on Internal Revenue

Service (IRS) Publication 463, Travel, Entertainment, Gift, and Car Expenses, in preparing these mileage logs. Petitioner husband maintained a daily spreadsheet on his computer for each year's mileage log. He input the starting and ending addresses, beginning and ending mileage, miles traveled, and business purpose of each trip. According to the mileage logs, petitioner husband drove 24,882 miles in 2013 and 25,220 miles in 2014.

The mileage logs reflect that every Saturday from January 5 through August 27, 2013, and every Saturday from January 4 through August 16, 2014, petitioner husband drove 192 miles from his home in West Sacramento to the same "client's house" in Marina, California; drove back about 190 miles to the Sacramento area for a "house showing with client"; drove back about 190 miles to "return client to his home" in Marina; and then drove 192 miles back home to West Sacramento. The "client's home" in Marina was the home of petitioner husband's brother. The "house showing" consisted of picking up his brother or one of the other individuals in the group (i.e., the "client") from his brother's home in Marina and driving that individual to the Sacramento area to look at a potential investment property.

Petitioner husband did not show any potential investment property to the group from late August through December in either 2013 or 2014. The group did

not buy any investment property in either 2013 or 2014; its members could not agree on any of the potential investment properties petitioner husband had shown them.

The IRS audited petitioners' 2013 and 2014 tax returns and disallowed, among other things, deductions for the reported Schedule C expenses related to petitioner husband's real estate activity and determined accuracy-related penalties under section 6662(a) for both years.

## Discussion

### I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and a taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Morever, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements.

At trial petitioners argued that under section 7491(a)(1) the burden of proof had shifted to respondent. If the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491(a)(1) places the burden of proof with respect to that issue on the Commissioner. See Rule 142(a)(2). "Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted". Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H. Conf. Rept. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements; maintains all required records; and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2)(A) and (B). On the basis of the record, the Court concludes that petitioners did not introduce credible evidence with respect to either year at issue and, therefore, the burden of proof has not shifted to respondent.

## II. Car and Truck Expenses

Petitioners assert that petitioner husband's real estate activity during 2013 and 2014 constituted a trade or business and that the mileage logs substantiate the car and truck expenses reported for 2013 and 2014 with respect to that business.

Respondent contends that petitioner husband's real estate activity did not rise to the level of carrying on a trade or business during 2013 or 2014. The Court agrees with respondent.

Section 162(a) provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". However, "not every income-producing and profit-making endeavor constitutes a trade or business." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). "[T]o be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Id. Whether petitioner husband's real estate activity in 2013 or 2014 rose to the level of a trade or business requires an examination of the facts. See Higgins v. Commissioner, 312 U.S. 212, 217 (1941).

Petitioner husband argues that he was a real estate agent during 2013 and 2014, that he was acting in that capacity when he showed the group the potential investment properties, and that any expenses incurred in helping the group see the potential investment properties are deductible business expenses. Although petitioner husband was a licensed real estate agent during 2013 and 2014, he was not in the trade or business of being a real estate agent during the years at issue.

Petitioner husband testified that he did not earn any commissions during 2013 or 2014 as a real estate agent. There is no other evidence in the record to suggest that he was continuously and regularly buying and selling real estate as a real estate agent to clients.

Rather, the record shows that during 2013 and 2014 petitioner husband and the group were attempting to start a business of flipping houses. To do this, petitioner husband researched potential investment properties ahead of time; picked up his brother and/or someone else from the group; and drove to see a potential investment property each Saturday from January to August in 2013 and 2014. However, petitioner husband's activity during 2013 and 2014 with respect to this venture did not rise to the level of carrying on a trade or business.

At best, petitioner husband's activity in 2013 and 2014 was in the exploratory or formative stages of forming a business of flipping houses. Carrying on a trade or business requires more than initial research into a potential business opportunity; it requires that the business have actually commenced. Dean v. Commissioner, 56 T.C. 895, 902-903 (1971); Frank v. Commissioner, 20 T.C. 511, 513-514 (1953); see Christian v. Commissioner, T.C. Memo. 1995-12, 1995 Tax Ct. Memo LEXIS 12, at *10-*12 (finding that activities relating to only "exploratory or formative stages" do not rise to the level of a trade or business).

Section 162(a) does not permit current deductions for startup or preopening expenses incurred by a taxpayer before beginning business operations. See sec. 195(a).

Petitioner husband had plans for a potential business that had not materialized in 2013 or 2014. He testified that nothing came of the showings. Neither he nor anyone in the group purchased any investment property in 2013 or 2014. In fact, as petitioner husband testified, the group could not agree on any investment properties to purchase. Accordingly, petitioners are not entitled to deduct under section 162(a) any expenses, including car and truck expenses, incurred in connection with petitioner husband's real estate activity during 2013 or 2014.

Having found that petitioner husband's real estate activity did not rise to the level of carrying on a trade or business during 2013 or 2014, the Court need not address the veracity of the mileage logs, whether the mileage logs satisfy the strict substantiation requirements of section 274(d), or whether the car and truck expenses were ordinary and necessary business expenses.

III.    Accuracy-Related Penalties

Respondent determined accuracy-related penalties for 2013 and 2014 because petitioners' underpayments were due to substantial understatements of

income tax or negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1) and (2). A taxpayer may be liable for a 20% accuracy-related penalty on the portion of an underpayment of income tax attributable to a substantial understatement of income tax or to negligence or disregard of rules or regulations. Id. Only one section 6662(a) accuracy-related penalty may be imposed with respect to any given portion of an underpayment, even if that portion is attributable to more than one type of conduct listed in section 6662(b). See New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 F. App'x 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs. Nevertheless, the Court considers both grounds for imposition of the penalties. The Commissioner bears the burden of production with respect to the liability of an individual for a section 6662(a) penalty. Sec. 7491(c).

Section 6751(b)(1) provides that, subject to certain exceptions in section 6751(b)(2), no penalty shall be assessed unless the initial determination of the assessment is personally approved in writing by the immediate supervisor of the individual making the determination or such higher level official as the Commissioner may designate. Written approval of the initial penalty determination under section 6751(b)(1) must be obtained no later than the date the notice of deficiency is issued or the date the Commissioner files an answer or

amended answer asserting the penalty. Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; see also Graev v. Commissioner, 149 T.C. ___ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016). Compliance with section 6751(b)(1) is part of the Commissioner's burden of production in any deficiency case in which a penalty subject to section 6751(b)(1) is asserted. Chai v. Commissioner, 851 F.3d at 221.

The section 6662(a) accuracy-related penalties determined in the notice of deficiency were properly approved as required by section 6751(b)(1). The record includes a copy of a Civil Penalty Approval Form, approving imposition of accuracy-related penalties against petitioners for 2013 and 2014 and executed by the IRS tax examiner's group manager before the date the notice of deficiency was issued. Respondent has proven sufficient facts to satisfy the burden of production as to that issue.

Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447. The taxpayer may meet this burden by proving that he acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs. As

explained below, petitioners did not provide persuasive evidence that they acted with reasonable cause and in good faith with respect to the underpayment of tax for 2013 or 2014.

A.     Substantial Understatement

Given petitioners' concessions and the Court's decision that petitioners are not entitled to the claimed car and truck expense deductions for either 2013 or 2014, the result is a substantial understatement of income tax for each year.

There is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A).  An "understatement" means the excess of the amount of the tax required to be shown on the tax return over the amount of tax that is shown on the tax return, reduced by any rebate.  Sec. 6662(d)(2)(A).

Section 6662(d)(2)(B) reduces the amount of an understatement by the portion of the understatement for which there is:  (1) substantial authority for the taxpayer's tax treatment of any item or (2) an adequate disclosure of the relevant facts affecting the item's tax treatment and a reasonable basis for the taxpayer's treatment of the item.  Petitioners do not argue that they had substantial authority for any part of the understatement for 2013 or 2014 or that they made adequate

disclosures on their 2013 or 2014 tax return with respect to any part of the understatement. Accordingly, the Court does not reduce petitioners' accuracy-related penalties pursuant to section 6662(d)(2)(B).

Petitioners' 2013 tax return showed a tax of $13,664. Respondent determined the amount of tax required to be shown on petitioners' 2013 tax return was $19,382. Thus, the understatement of tax that respondent determined for 2013 was $5,718. That amount exceeds $5,000, which is greater than $1,938.20, 10% of the tax required to be shown on petitioners' 2013 tax return.

Petitioners' 2014 tax return showed a tax of $15,670. Respondent determined the amount of tax required to be shown on petitioners' 2014 tax return was $23,001. Thus, the understatement of tax that respondent determined for 2014 was $7,331. That amount exceeds $5,000, which is greater than $2,300.10, 10% of the tax required to be shown on petitioners' 2014 tax return. Therefore, petitioners have substantially understated their income tax for 2013 and 2014 and are liable for the accuracy-related penalties under section 6662(a) and (b)(2) for 2013 and 2014.

B.    Negligence or Disregard of Rules or Regulations

The accuracy-related penalty may also be imposed under section 6662(a) because of negligence or disregard of rules or regulations. See sec. 6662(b)(1).

In the alternative petitioners are liable for the accuracy-related penalties for 2013 and 2014 because they were negligent and disregarded rules or regulations.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); see Higbee v. Commissioner, 116 T.C. at 448; sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); see Higbee v. Commissioner, 116 T.C. at 448.

Respondent has met his burden of production with respect to petitioners' negligence and disregard of rules or regulations. Petitioners' tax returns for 2013 and 2014 were prepared by petitioner husband. Petitioner husband considered his occupation to be a "tax specialist" and operated a tax preparation services business as a sole proprietorship. However, in preparing their tax returns petitioners failed to exercise due care or to do what a reasonable person would do under the circumstances to determine whether petitioner husband was in a trade or business in order to deduct the car and truck and other expenses for 2013 and 2014.

C.     Reasonable Cause for the Underpayment of Tax

A penalty will not be imposed under section 6662(a), however, if a taxpayer establishes that he or she acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  Circumstances that indicate reasonable cause and good faith include reliance on the advice of a tax professional or an honest misunderstanding of the law that is reasonable in the light of all the facts and circumstances.  Sec. 1.6664-4(b), Income Tax Regs.; see Higbee v. Commissioner, 116 T.C. at 449.  Relevant facts and circumstances for the Court to consider include the knowledge and experience of the taxpayer.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners argued that petitioner husband relied on IRS Publication 463 to prepare the mileage logs for 2013 and 2014.  Informal IRS guidance, like a publication, is not itself law, but a reasonable misunderstanding of its discussions of law can be relevant to whether a taxpayer should be excused from a penalty.  See, e.g., Gray v. Commissioner, T.C. Memo. 1982-392, 1982 Tax Ct. Memo LEXIS 350, at *15-*16.  However, petitioners have not explained which IRS publications or other authority they consulted to determine whether petitioner husband was carrying on a trade or business.  Petitioner husband held himself out to be a "tax specialist" and prepared tax returns as a business and, therefore, should have been able to consult the tax law or regulations to determine whether

he was carrying on a trade or business. In fact, petitioner husband testified that he did not see a purpose for referring to any regulations in preparing their tax returns. The Court concludes that petitioners did not act reasonably or in good faith in taking the position that petitioner husband's real estate activity constituted a real estate trade or business in 2013 and 2014. Therefore, petitioners are liable for the section 6662(a) accuracy-related penalties for 2013 and 2014.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, the Court concludes they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.